## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

JANIA PEARSON, as an individual and as a representative of the Class,

               Plaintiff,

v.

GENERAL INFORMATION SOLUTIONS, LLC, a South Carolina corporation,

               Defendant.

Case No. 2:17-cv-03803

**CLASS ACTION COMPLAINT**

**(JURY TRIAL DEMANDED)**

_____

Russell D. Paul, Bar No. 037477989
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel.: 215.875.4601
Fax: 215.875.4604
rpaul@bm.net

E. Michelle Drake, MN Bar No. 0387366*
Joseph C. Hashmall, MN Bar No. 0392610*
BERGER & MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612.594-5999
Fax: 612.584-4470
emdrake@bm.net
jhashmall@bm.net
*pro hac vice motions forthcoming

*Attorneys for Plaintiff*

1

Jania Pearson ("Plaintiff"), on behalf of herself, the Class set forth below, and in the public interest, brings this Class Action Complaint against General Information Solutions, LLC ("Defendant").

## Civ. RULE 10.1 STATEMENT

1.      The names and addresses of the parties to this action are as follows:

a.      Plaintiff Jania Pearson resides in Newark, New Jersey.   Plaintiff's address is c/o Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103; and

b.      Defendant General Information Solutions, LLC is headquartered at 917 Chapin Road, Chapin, SC 29036.

## PRELIMINARY STATEMENT

2.      This is a case about holding Defendant accountable for its willful failure to follow federal and state laws governing the content of consumer reports.

3.      Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  New Jersey has also chosen to regulate such reports, via the New Jersey Fair Credit Reporting Act, N.J. Stat. §§ 56:11-28 – 11-41 ("NJFCRA").

4.      As further discussed herein, Defendant routinely includes information in its background reports about criminal cases that have been expunged.  As a matter

of law, expunged records are not convictions and are not reportable public records. In spite of this, Defendant relies on outdated data purchased in bulk and incorrectly reports expunged records. Defendant's failure to utilize reasonable procedures to avoid reporting of inaccurate information violates 15 U.S.C. § 1681e(b) and N.J. Stat. § 56:11-32(b).

5.    In a pattern and practice of related violations, Defendant has consistently undermined Congress's directives, unlawfully placing its business interests above the rights of consumers.

6.    Based on Defendant's conduct, Plaintiff asserts FCRA and NJFCRA claims on behalf of herself and a Class of consumers. On behalf of herself and the Class, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, expenses, costs, and all available other appropriate relief.

## THE PARTIES

7.    Individual and representative Plaintiff Jania Pearson is a resident of Newark, New Jersey.

8.    Defendant General Information Solutions, LLC is a corporation doing business throughout the United States, including in New Jersey. Defendant is headquartered in Chapin, South Carolina. Defendant "is a leading provider of comprehensive background screening solutions, processing over 22.5 million screening components annually," is "best known for [its] employment screening

solutions," and is "one of the largest and oldest background screening providers in the U.S." www.geninfo.com/background-screening.asp (last visited Jan. 24, 2017).

9.    Defendant is a consumer reporting agency within the meaning of the FCRA and NJFCRA because for monetary fees, it engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for employment purposes to third parties and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such reports.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

11.    Venue is proper in this District because Plaintiff resides here, applied for employment here, and because Defendant does business here.  Further, all class members have expunged criminal records in New Jersey.

## STATUTORY BACKGROUND

12.    The FCRA was enacted based on Congress's findings that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that there is a "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. § 1681.

Thus, the FCRA requires consumer reporting agencies to operate "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *Id.*

13.    Congress was particularly concerned about the use of criminal background reports in the employment context, and therefore defined the term "consumer reports" to include background reports procured for employment purposes. *See* 15 U.S.C. § 1681a(d)(1)(B).

14.    To ensure that consumer reporting agencies report information in a manner which is accurate and fair, the FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

15.    The NJFCRA contains a similar prohibition. N.J. Stat. § 56:11-32(b).

16.    Defendant systematically and purposefully disregards its "grave responsibilities" and reports expunged criminal record information on consumers in violation of the FCRA and NJFCRA.

## ALLEGATIONS RELATING TO NAMED PLAINTIFF PEARSON

17.    In early 2016, Plaintiff applied for a position with the U.S. Postal Service ("USPS").

18.   The yearly salary for the position for which Plaintiff applied is under $75,000.

19.   On or around April 22, 2016, USPS ordered a background report on Plaintiff from Defendant.

20.   On or around April 25, 2016, Defendant furnished a background report on Plaintiff to USPS.  (*See* Ex. 1.)

21.   The report Defendant furnished to USPS improperly contained information regarding criminal charges against Plaintiff that had been expunged.

22.   Specifically, the report included information about a felony conviction for impersonating a law enforcement officer.  (*Id.*)

23.   In fact, this conviction had been expunged on August 14, 2015, over eight months before the date of Defendant's report.  (Ex. 2.)

24.   A search of the publicly available online criminal records from the New Jersey Courts reveals no results for a search of Plaintiff's name, or the indictment number associated with her expunged case.

25.   Defendant, however, still reported the expunged information, because, rather than search publicly available records, it relied upon outdated information from a third-party data provider.

26.     It was unreasonable for Defendant to fail to confirm that the information it received from a third-party was accurate and up to date, particularly when it could have done so by performing a simple internet search.

27.     Plaintiff was not hired by USPS at the time.

28.     The inclusion of expunged charges on a consumer report is inaccurate, and creates an adverse perception to the person viewing the report.  If Defendant had followed the FCRA and NJFCRA and produced a report to USPS that did not include Plaintiff's expunged record, those records would have never been presented to Plaintiff's prospective employer.  In including Plaintiff's expunged record in its report, Defendant created an adverse perception to Plaintiff's prospective employer and therefore caused concrete harm to Plaintiff.  Defendant's reporting also harmed Plaintiff because Defendant violated her right to keep her expunged record private.

29.     Defendant willfully violated 15 U.S.C. § 1681e(b) and N.J. Stat. § 56:11-32(b) by reporting expunged records.

**<u>DEFENDANT'S ILLEGAL BUSINESS PRACTICES</u>**

30.     Defendant is a consumer reporting agency because it "for monetary fees... regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer report to third parties...."  15. U.S.C. § 1681a(f).

31.    Defendant investigates and reviews public record databases and maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

32.    From its files, Defendant sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants.

33.    Defendant and its third-party data suppliers, however, do not update their files frequently enough and thoroughly enough to ensure that expunged records are removed from their databases.

34.    Defendant is "one of fewer than 85 background screening companies in the U.S. that has achieved accreditation from the [National Association of Professional Background Screeners]' Background Screening Accreditation Council" and states that "[e]verything [GIS] do[es] is done with compliance in mind." www.geninfo.com/our-company/why-gis.asp (last visited Jan. 24, 2017).

35.    When a consumer reporting agency furnishes a consumer report to the consumer or a third party, the agency is required to use reasonable procedures to ensure maximum possible accuracy.  15 U.S.C. § 1681e(b); N.J. Stat. § 56:11-32(b).

36.    Reporting expunged criminal records violates this requirement. Expunged convictions are no longer convictions; reporting them as such is

inaccurate *per se*.  (*See* Ex. 2 at 3 ("the arrest/or conviction which is the subject of this order shall be deemed not to have occurred").)

37.    Further, Defendant knew it had a problem with reporting expunged charges, but continued to report them anyway.  Specifically, in 2011, Defendant was sued in another class action which alleged that Defendant improperly reported expunged charges.  *See Robinson v. GIS*, Case No. 2:11-cv-07782-PBT (E.D. Pa. Dec. 22, 2011).  Defendant subsequently settled that case.

38.    Further, discovery will show that Defendant has received complaints from consumers about its reporting of expunged charges.

39.    Notwithstanding the prior lawsuit and the complaints it has received, Defendant continues to report expunged criminal records as if they are still valid convictions.

40.    Defendant has not implemented reasonable procedures to ensure that expunged convictions are removed from its databases, such as checking the up to date and publicly available court record.

41.    USPS procured the report on Plaintiff as part of its standard hiring process.  Plaintiff's report and the reports of other class members were not procured in connection with any investigation of suspected misconduct relating to employment, or compliance with federal, state, or local laws and regulations, the rules of a self-regulatory organization, or any suspected violation of preexisting

written policies of the employer.  Plaintiff was not an employee of USPS at the time the report was procured.

42.    By systematically reporting expunged criminal records, Defendant willfully violated 15 U.S.C. § 1681e(b) and N.J. Stat. § 56:11-32(b).

## CLASS ACTION ALLEGATIONS

43.    Plaintiff asserts her Claims against Defendant on behalf of herself and the Class defined as follows:

i.      All individuals in the State of New Jersey upon whom Defendant prepared a background check in the two years predating the filing of this Complaint and continuing through the date the class list is prepared;

ii.     Whose background contains a criminal record; and

iii.    Where that criminal record has been expunged, and that expungement was prior to the date of the background check.

44.    Class certification is appropriate under Fed. R. Civ. P. 23.

45.    <u>Numerosity</u>: Joinder is impracticable because Defendant is a large consumer reporting agency and regularly furnishes consumer reports that impermissibly include information about expunged charges.  The number of members in the Class exceeds 100 and can be ascertained from Defendant's own records and New Jersey expungement records.

46.    <u>Commonality</u>: This case presents questions of common or general interest of many persons including:

a)      Whether Defendant violated the FCRA and NJFCRA by reporting expunged criminal records;

b)      Whether Defendant's violations of the FCRA were willful;

c)      The proper measure of statutory damages; and

d)      The proper measure of punitive damages.

47.    <u>Typicality</u>:  Plaintiff's claims are typical of the members of the Class. As with all members of the Class, Defendant violated the FCRA and NJFCRA when it reported Plaintiff's expunged criminal record.

48.    <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel experienced in complex class action litigation. Plaintiff has no interests that conflict with those of any class members.

49.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA and NJFCRA. Class certification will also preclude the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.

## COUNT I
## Violation of 15 U.S.C. § 1681e(b)
### *On behalf of the Class*

50.    Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 – 48.

51.    In return for money, Defendant furnished consumer reports on Plaintiff and other members of the Class to third parties.

52.    The consumer reports provided by Defendant included expunged criminal records.

53.    The foregoing violations were willful.  Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the Class members under 15 U.S.C. § 1681e(b).  Defendant's willful conduct is reflected by, *inter alia*, the following:

      a)  Defendant was founded in 1966 and the FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

      b)  Defendant is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel.  Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful;

      c)  Defendant's conduct is inconsistent with the FTC's longstanding

regulatory guidance, judicial interpretation, and the plain language of the statute;

d) Despite the pellucid statutory text and there being a depth of guidance, Defendant adopted a policy of systematically reporting expunged criminal records.  By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

54.    Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

55.    Plaintiff and the Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

56.    Plaintiff and the Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II
### Violation of N.J. Stat. § 56:11-32(b)
### *On behalf of the Class*

57.    Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 – 55.

58.    In return for money, Defendant furnished consumer reports on Plaintiff and other members of the Class to third parties.

59.    The consumer reports provided by Defendant included expunged criminal records.

60.    The foregoing violations were willful.  Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the Class members under N.J. Stat. § 56:11-32(b).  Defendant's willful conduct is reflected by, *inter alia*, the following:

a)    Defendant was founded in 1966 and the NJFCRA was enacted in 1997; Defendant has had over 20 years to become compliant;

b)    Defendant is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel.  Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful;

c)    Despite the pellucid statutory text and there being a depth of guidance, Defendant adopted a policy of systematically reporting expunged criminal records.  By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

61.    Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to N.J. Stat. § 56:11-38(a)(1).

62.    Plaintiff and the Class are entitled to such amount of punitive damages as the Court may allow pursuant to N.J. Stat. Ann. § 56:11-38(a)(2).

63.    Plaintiff and the Class are further entitled to recover their costs and attorneys' fees pursuant to N.J. Stat. Ann. § 56:11-38(a)(3).

## **PRAYER FOR RELIEF**

64.    WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for relief as follows:

a)    Determining that this action may proceed as a class action under Rule 23;

b)    Designating Plaintiff as representative for the Class and designating Plaintiff's Counsel as counsel for the Class;

c)    Issuing proper notice to the Class at Defendant's expense;

d)    Declaring that Defendant committed multiple, separate violations of the FCRA and NJFCRA;

e)    Declaring that Defendant acted willfully, in deliberate or reckless disregard of Plaintiff's rights and Defendant's obligations under the FCRA and NJFCRA;

f)    Awarding statutory and punitive damages as provided by the FCRA and
      NJFCRA;

g)    Awarding reasonable attorneys' fees and costs as provided by the
      FCRA and NJFCRA; and

h)    Granting further relief, in law or equity, as this Court may deem
      appropriate and just as provided by the FCRA and NJFCRA.

## DEMAND FOR JURY TRIAL

65.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff
and the Class demand a trial by jury.

BERGER & MONTAGUE, P.C.

Date: May 30, 2017        /s/Russell D. Paul
                          Russell D. Paul, Bar No. 037477989
                          1622 Locust Street
                          Philadelphia, PA 19103
                          Tel.: 215.875.4601
                          Fax: 215.875.4604
                          rpaul@bm.net

                          E. Michelle Drake, MN Bar No. 0387366*
                          Joseph C. Hashmall, MN Bar No. 0392610*
                          BERGER & MONTAGUE, P.C.
                          43 SE Main Street, Suite 505
                          Minneapolis, MN 55414
                          Tel.: 612.594-5999
                          Fax: 612.584-4470
                          emdrake@bm.net
                          jhashmall@bm.net
                          *pro hac vice motions forthcoming

ATTORNEYS FOR PLAINTIFF

## Civ. RULE 11.2 CERTIFICATION

Pursuant to Civ. Rule 11.2 and 28 U.S.C. § 1746, I certify under penalty of perjury that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, to the best of my knowledge and belief.

BERGER & MONTAGUE, P.C.

Date: May 30, 2017             /s/Russell D. Paul
                                         Russell D. Paul, Bar No. 037477989
                                         1622 Locust Street
                                         Philadelphia, PA 19103
                                         Tel.: 215.875.4601
                                         Fax: 215.875.4604
                                               rpaul@bm.net

                                         E. Michelle Drake, MN Bar No. 0387366*
                                         Joseph C. Hashmall, MN Bar No. 0392610*
                                         BERGER & MONTAGUE, P.C.
                                         43 SE Main Street, Suite 505
                                         Minneapolis, MN 55414
                                         Tel.: 612.594-5999
                                         Fax: 612.584-4470
                                         emdrake@bm.net
                                         jhashmall@bm.net
                                         *pro hac vice motions forthcoming

                                         ATTORNEYS FOR PLAINTIFF